IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | No. 5:24-CR-30-CAR-CHW |
| DORMAINE MITCHELL, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court is Defendant Dormaine Mitchell's Motion to Dismiss Indictment Pursuant to the Second Amendment. For the reasons discussed below, the Court **DENIES** Defendant's Motion [Doc. 45].

### BACKGROUND

On April 9, 2024, the Grand Jury returned an indictment charging Defendant with Possession of a Firearm by a Convicted Felon under 18 U.S.C. § 922(g)(1). Section 922(g) states in part:

> It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.[1]

Count One of the Indictment states:

---

[1] 18 U.S.C. § 922(g)(1).

1

On or about October 13, 2022, in the Macon Division of the Middle District of Georgia, the Defendant, DORMAINE MITCHELL, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, one (1) Glock, Model: 22 Gen 4, .40 caliber pistol, Serial Number: VVT448, said firearm having been shipped and transported in interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).[2]

After the Grand Jury indicted Defendant, he was appointed counsel, pled not guilty at his arraignment, and was detained pending trial. Defendant now moves to dismiss the Indictment. First, Defendant argues binding precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1), *United States v. Rozier*,[3] was abrogated by the Supreme Court's recent ruling in *United States v. Rahimi*.[4] Second, Defendant argues 18 U.S.C. § 922(g)(1) violates the Second Amendment because it is inconsistent with the Nation's historical tradition of firearm regulation under the test described in *New York State Rifle & Pistol Ass'n v. Bruen*.[5] As explained below, binding precedent forecloses any challenge to the constitutionality of 18 U.S.C. § 922(g)(1).

## DISCUSSION

### I.   Legal Standard

"Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on

---

[2] Indictment [Doc. 1 at 1].
[3] 598 F.3d 768 (11th Cir. 2010).
[4] 602 U.S. 680 (2024).
[5] 597 U.S. 1, 17 (2022).

2

a determination of facts that should have been developed at trial."[6] It is unclear if Defendant brings a facial challenge, an as-applied challenge, or both; but the issue is immaterial because binding Eleventh Circuit precedent precludes Defendant's position in either case.[7]

## II.  Analysis

Defendant first argues that prior Eleventh Circuit precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1)—namely, *United States v. Rozier*[8]—is no longer valid after the Supreme Court's decision in *United States v. Rahimi*.[9] The Court disagrees and finds that *Rozier* "remain[s] good law" and, thus, forecloses any challenge to the constitutionality of 18 U.S.C. § 922(g)(1).[10]

In *Rozier*, the Eleventh Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), explaining that firearm bans for felons "do not offend the Second Amendment"[11] under the Supreme Court's decision in *District of Columbia v. Heller*.[12] The Eleventh Circuit has not issued a new published decision on the constitutionality of § 922(g)(1) since the Supreme Court decided *Rahimi*, but it has issued numerous unpublished opinions

---

[6] *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010) (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)).
[7] Motion to Dismiss the Indictment Pursuant to the Second Amendment [Doc. 45 at 16–17].
[8] 598 F.3d 768 (11th Cir. 2010).
[9] 602 U.S. 680 (2024).
[10] *United States v. Pierre*, No. 23-111604, 2024 WL 5055533, at *1 (11th Cir. Dec. 10, 2024).
[11] *Rozier*, 598 F.3d at 771.
[12] 554 U.S. 570 (2008).

upholding the ban based on the prior-panel-precedent rule and *Rozier*.[13] The prior-panel-precedent rule states that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*."[14] To abrogate a prior-panel precedent, "the later Supreme Court decision must 'demolish[]' and 'eviscerate[]' each of its 'fundamental props.'"[15]

Defendant contends in conclusory fashion that *Rozier* is no longer valid, but as the Eleventh Circuit has explained, the prior-panel-precedent rule forecloses that conclusion. In *United States v. Pierre*, one of the Eleventh Circuit's most recent decisions on this issue, the Court explained that *Rozier* is binding "because neither *Bruen* nor *Rahimi* can fairly be read to reject, abrogate, or even call into question the portion of *Heller* which [the Court] relied on in *Rozier*."[16] "*Rahimi* did not involve § 922(g)(1) nor did it otherwise comment on the precise issue before [the Court] in *Rozier*."[17] Thus, *Rozier* "remain[s] good law" and, on that basis, the Eleventh Circuit refused to reconsider the constitutionality of § 922(g)(1).[18] This Court, convinced by the reasoning of the numerous unpublished

---

[13] *See, e.g., United States v. Dial*, No. 24-10732, 2024 WL 5103431 (11th Cir. Dec. 13, 2024); *Pierre*, 2024 WL 5055533, at *1; *United States v. Perez-Quibus*, No. 23-10465, 2024 WL 4524712 (11th Cir. Oct. 18, 2024); *United States v. Volz*, No. 22-13436, 2024 WL 4432995 (11th Cir. Oct. 7, 2024); *United States v. Hester*, No. 23-11938, 2024 WL 4100901 (11th Cir. Sept. 6, 2024); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394 (11th Cir. Aug. 30, 2024); *United States v. Rambo*, No. 23-13772, 2024 WL 3534730 (11th Cir. July 25, 2024).
[14] *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (citation omitted).
[15] *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022) (citation omitted).
[16] *Pierre*, 2024 WL 5055533, at *4.
[17] *Dial*, 2024 WL 5103431, at *3.
[18] *Pierre*, 2024 WL 5055533, at *1.

4

Eleventh Circuit opinions, can find no reason to believe that the *Rahimi* decision rendered *Rozier* invalid.[19] Nor does Defendant raise any reason, other than a conclusory assertion that *Rozier* relies on "dicta."[20]

Defendant next argues that § 922(g)(1) is unconstitutional under the *Bruen* historical analogue test. It is unnecessary to address this argument because it is foreclosed by the binding precedent of *Rozier*.

## CONCLUSION

The Supreme Court's recent decision in *Rahimi* does not abrogate the controlling Eleventh Circuit precedent upholding 18 U.S.C. § 922(g)(1). Therefore, the Court **DENIES** Defendant's Motion to Dismiss Indictment Pursuant to the Second Amendment. [Doc. 45].

**SO ORDERED,** this 29th day of January, 2025.

s/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[19] *See, e.g.*, *Dial*, 2024 WL 5103431, at *3 ("[I]n *Rahimi*, the Supreme Court once again reiterated, albeit in dicta, that the prohibition 'on the possession of firearms by felons … [is] presumptively lawful.'") (citation omitted); *Perez-Quibus*, 2024 WL 4524712, at *1 ("*Rahimi* reiterated that prohibitions on the 'possession of firearms by "felons and the mentally ill," are "presumptively lawful."'"); *Rambo*, 2024 WL 3534730, at *2 (*Rahimi* did not discuss § 922(g)(1) at all, nor did it undermine our previous interpretation of *Heller*.").
[20] Doc. 45 at 4.